**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FIRST MEMPHIS COMPANY LLC,          )      2:10-CV-01416-ECR-RJJ
successor-in-interest to BANK OF    )
AMERICA, N.A., as successor-in-     )      **Order**
interest by merger to LaSalle       )
Bank, N.A., as Trustee for the      )
registered holders of Bear Stearns  )
Commercial Mortgage Securities,     )
Inc., Commercial Mortgage Pass-     )
Through Certificates, Series        )
2005-PWR8, acting by and through    )
its special servicer, C-III Asset   )
Management LLC,                     )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )
MARY CREST PARTNERS III, LLC, a     )
Nevada limited liability company,   )
                                    )
        Defendant.                  )
                                    )
_____)

        Now pending before the Court is Receiver David L. Jewkes' Motion
to Terminate Receivership and for Approval of Receiver's Final Report
(#40).  The motion is ripe, and we now rule on it.


                            **I. Background**

        Defendant was the owner of the real property located at 110-118
Corporate Park Drive, Henderson, Nevada (the "Property").  Plaintiff
Bank of America was the first mortgage holder on the Property.
Plaintiff commenced this action against Defendant in light of

Defendant's alleged failure to meet its obligations due pursuant to the mortgage.

On January 25, 2011, we appointed (#26) David L. Jewkes (the "Receiver") as Permanent Receiver to conserve, preserve, protect, and administer the real and personal property located at 100-118 Corporate Park Drive, Henderson, Nevada.  On February 1, 2011, the Receiver posted a Receiver's Bond in the amount of $50,000 as ordered by the Court.  (See Notice Receipt Bond (#29).)

On or about June 9, 2011, Plaintiff Bank of America assigned its note on the property to First Memphis Company, LLC.  On or about July 1, 2011, the property was foreclosed.

The Receiver filed the instant Motion to Terminate Receivership and for Approve of Receiver's Final Report (#11) on August 4, 2011. Defendant has not filed a response to this motion.

## II. Discussion

The Receiver requests that this Court terminate the receivership as it is no longer necessary as the property at issue has been foreclosed.  The Receiver further requests that the Receiver's final report (#40-1), which he avers includes the remaining requirements, including a summary of the receivership accounting, the total expenditures, and the net amount of any surplus or deficit (zero), be approved.  The Receiver avers that notice has been provided to all person the Receiver is aware may have potential claims against the Property.  The Court is therefore

satisfied that the receivership is no longer necessary and should be terminated.

**IT IS, THEREFORE, HEREBY ORDERED** the Receiver's Motion to Terminate Receivership and for Approval of Receiver's Final Report (#40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Final Report of Receiver David L. Jewkes is confirmed, settled, and approved.

**IT IS FURTHER ORDERED** that the Receiver's Bond posted in the amount of $50,000 be exonerated.

**IT IS FURTHER ORDERED** that the Receiver shall have twenty-one (21) days within which to submit a detailed bill of Receiver's fees through termination of the receivership, including legal fees associated with the instant Motion (#11) so that they may be approved.

DATED: March 20, 2012.

_Edward C. Reed._

UNITED STATES DISTRICT JUDGE

3